JENSEN v. O'ROURKE ENGINEERING & CONSTRUCTION CO.

(Supreme Court, Appellate Term. June 29, 1909.)

MASTER AND SERVANT (§ 240*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

An experienced railroad employé, engaged in filling lamps in a tunnel, who understands the care to be observed on his part to avoid passing trains, but takes no precautions to avoid accident, is guilty of contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 751; Dec. Dig. § 240.*]

Appeal from City Court of New York, Trial Term.

Action by Jesper M. C. Jensen against the O'Rourke Engineering & Construction Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James B. Henney, for appellant.

Appell & Taylor (Albert J. Appell and George H. Taylor, Jr., of counsel), for respondent.

GILDERSLEEVE, P. J. The defendant appeals from a judgment recovered by the plaintiff for damages resulting from injuries alleged to have been received through defendant's negligence and from an order refusing a new trial. The plaintiff was an employé of the New York Central & Hudson River Railroad Company, and on the morning of August 5, 1906, was cleaning and filling signal lamps in the tunnel of said company between Fifty-Sixth and Fifty-Seventh streets when he was struck by a locomotive and sustained the injuries in question. Plaintiff was experienced in this work and in the hazardous conditions attending it. There was but one track in the tunnel. It was light, and the plaintiff could see 300 or 400 feet in either direction. There were manholes in the side of the wall, at intervals, where men could step to avoid passing trains. It was not necessary, however, to step into a manhole to escape a passing train. The plaintiff testified that after he was struck the locomotive backed out of the tunnel again and he stood to one side and let it pass. He knew, from long experience, that trains frequently passed along the track beside the lamps in just

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the manner the train passed that struck him, and thoroughly understood the care necessary to be observed on his part to avoid accident. His testimony is as follows, viz.:

"The first thing I knew of the accident was when I was hit. Then I got up and stood up against the wall and let the train go by. * * * When the train backed out, I stood out of the way."

There is not a particle of evidence that he looked or in any way attempted to protect himself and avoid the accident. On this state of the evidence it cannot properly be said he was free from contributory negligence. On the contrary, it is apparent that the accident was caused by the plaintiff's neglect to exercise ordinary caution to see whether there was any train coming. He knew the danger of being struck by passing trains, and, so far as appears from the evidence, took no precautions to avoid them. We think the plaintiff failed to meet the burden cast upon him by the authorities of showing, prima facie at least, his freedom from contributory negligence, and that the court was unwarranted in allowing the case to go to the jury.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.